The effect of the holding of this case is that a motion for new trial must be filed within thirty days. As I read Rule 59 (b) it only requires that the motion be served within thirty days. Rule 5 (b) spells out how service can be made and since service was made by mail in this case, Rule 5 (b) specifically provides that "Service by mail is complete upon mailing." Reference is made in *Page 431 
the opinion to the date of the postmark. I do not believe that the postmark would necessarily control because many opinions of this Court state that something is mailed once it is dropped in an authorized mail depository. The attorney made a certificate that he did, in fact, mail the motion for new trial on the 28th day of April, 1978. In other words, there might be a question of fact as to whether or not the motion was actually mailed on April 28, as certified, or on the date shown on the postmark. I think Rule 5 also provides that a motion for new trial does not have to be filed within thirty days. Rule 5 (d) specifically provides:
 "Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. Proof of service of any paper except a requested written charge shall be upon certificate of the person executing the same."
A motion for a new trial is a paper required to be "served" under Rule 59 (b) and under Rule 5 (d) should be filed with the court either before service or within a reasonable timethereafter. In the case of a motion for a new trial, it would be obvious that a reasonable time in that event would be some time between thirty days after judgment and forty-two days after judgment (the time within which an appeal could be taken).
I have read Seale v. Seale, 339 So.2d 1029 (1976), cited in the opinion, and I believe that in that case the attorney admitted that the motion for a new trial had not been served
within the thirty day period. In Seale, the Court said that "By implication, it can be seen from the above that the filing of an untimely motion under Rule 59 (b) does not suspend the running of the time of appeal." If one reads that sentence, one would see that the Court of Civil Appeals, in Seale, is saying that the motion was not timely served and therefore, the filing of a motion that was not served within the thirty days cannot suspend the operation of the rule. I can agree with this. If it was clearly apparent from the face of the record in this case that the motion for new trial was not served within thirty days, I would agree.
Having stated the above, I nevertheless concur in the result. On the merits, this case should be affirmed anyway; therefore, the motion to dismiss the appeal, even if meritorious, would not harm the appellants.
TORBERT, C.J., concurs.